IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**VEHRS VINEYARD, LLC**, an Oregon limited liability company,
        Plaintiff,
   v.

**COPPER CANE**, a California limited liability company,
        Defendant.

**Case No. 6:18-cv-1752-MC**

**OPINION AND ORDER**

**MCSHANE, Judge:**

Plaintiff Vehrs Vineyard ("Vehrs") alleges that Defendant Copper Cane breached a written contract concerning the purchase of grapes.[1] Copper Cane moves to dismiss the claim pursuant to 28 U.S.C. § 1404(a) and Fed. R. Civ. P. 12(b)(3), alleging improper venue. Def.'s Mot. 2, ECF No. 6. Because the purchase agreement unambiguously reflects that the parties intended to settle all disputes under the contract in the Superior Court for the County of Napa, California, Defendant's Motion to Dismiss, ECF No. 6, is GRANTED.

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiffs' allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

1 – OPINION AND ORDER

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

As an initial matter, Copper Cane asks the Court to take judicial notice of the written contracts underlying the allegations in the complaint. Def.'s Req. for Judicial Notice, ECF No. 7 ("RJN"). This request is GRANTED. Typically, a Plaintiff in a breach of contract action attaches the contract as an exhibit to a complaint. This was not done here. When considering a motion to dismiss, however, a Court may take judicial notice of documents which form the basis of the complaint. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). This is particularly true when there is no real dispute as to the authenticity of the document. *Id.*

Turning to the merits of the Motion, the two purchase agreements at issue in this case each contain a forum selection clause requiring that all disputes arising from the agreements be brought in Napa County Superior Court. Def.'s RJN 2, ECF No. 7-2; Def.'s RJN 2, ECF No. 7-3. Specifically, paragraph eleven of both purchase agreements states:

> 11. <u>Governing Law</u>. This Agreement will be construed in accordance with the laws of the State of California. Any dispute arising hereunder, subject to Section 9, will be heard in the Superior Court of the County of Napa.

*Id.* Courts generally enforce forum selection agreements except under extraordinary circumstances because they define the legitimate expectations of the parties as to where and how disputes will be resolved. *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Texas,* 571 U.S. 49, 63 (2013) (holding that a court must give a forum selection clause "controlling weight in all but the most exceptional cases."). The burden is on the plaintiff to establish that a transfer to the controlling forum is unwarranted. *Id.*

The language of the forum selection clause in this case is clear and unambiguous. Vehrs offers no compelling reason to warrant a finding that it is unenforceable. While Vehrs now alleges that an action in Napa County would be inconvenient for Vehrs and witnesses who live in Oregon, this same fact existed at the time it agreed to resolve all disputes in California. *See* Pl.'s Resp. 2, 4, ECF No. 9.

Vehrs also fails to convince this Court that the forum selection clause is unconscionable. Mr. Vehrs has practiced law for many years and, given the fact that he executed the agreement with his own signature, cannot credibly rely on his lack of sophistication or failure to read the contract as a defense. *See* Def.'s Reply 2, ECF No. 10; *see also* Sutton Decl., Att. 1, ECF No. 12-

1. The fact that Copper Cane is a larger grape merchant than Vehrs, by itself, does nothing to change this assessment. *See* Pl.'s Resp. 1.

Vehrs now asserts, despite the facts laid out in the complaint, that "the subject of this lawsuit is actually an oral agreement." Pl.'s Resp. 2. Vehrs requests leave of the court to amend the complaint to allege an oral agreement that previously did not seem significant enough to mention in any detail. *See id.* This eureka moment seems no more than a creative effort to avoid the forum selection clause. Even if an oral agreement could somehow be separated factually from the "written contract that encompassed the years 2015 through 2019," Pl.'s Compl. 2, ECF No. 1, the Court is not convinced that Vehrs can overcome the statute of frauds issues Copper Cane cites, *see* Def.'s Reply 9.

## **CONCLUSION**

Copper Cane's Motion to Dismiss, ECF No. 6, is GRANTED. The dismissal is with prejudice. Because the forum selection clause is clear and unambiguous on the face of the agreement, Copper Cane's request for reasonable attorney fees may be submitted to the court by way of a petition.

IT IS SO ORDERED.

DATED this 18th day of January, 2019.

                                        s/Michael J. McShane
                                        **Michael J. McShane**
                                        **United States District Judge**