IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**VEHRS VINEYARD, LLC**,

    Plaintiff,

v.

**COPPER CANE, LLC,**

    Defendant.

No. 1:18-cv-1752-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff Vehrs Vineyard, LLC, filed a breach of contract claim against Defendant Copper Cane, LLC, on October 2, 2018. Compl., ECF No. 1. This Court granted Defendant's Motion to Dismiss for improper venue on January 18, 2019. Op. and Order, ECF No. 15. Because the agreement contained a clear and unambiguous forum selection clause, the Court permitted Defendant to submit a request for reasonable attorney fees. Op. and Order 4. Defendant now moves for $18,264.50 in attorney fees pursuant to Fed. R. Civ. P. 54 and ORS § 20.075. Def.'s Mot. 1, ECF No. 17. Plaintiff argues that Defendant is not entitled to fees and the requested fees are unreasonable. Pl.'s Obj., ECF No. 19. Because Defendant is entitled to attorney fees, Defendant's Motion (ECF No. 17) is GRANTED in part.

## DISCUSSION

    "In the United States, parties are ordinarily required to bear their own attorney's fees— the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. v. West Virginia D.H.H.R.*, 532 U.S. 598, 602 (2001). The general practice is not to award fees to a prevailing party "absent explicit statutory authority." *Id.* at 602 (citing *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)). "In a diversity case, the law of the state in which the district court sits

Page 1 – OPINION AND ORDER

determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). Here, Oregon law governs.

As an initial matter, the contract's dispute resolution provision does not prevent Defendant from recovering. The contract states:

> In the event that the parties are unable to resolve their dispute through mediation despite their good faith efforts, the parties will be free to pursue any remedy available to it at law or equity. The prevailing party in any such proceeding will be entitled to recover its reasonable attorneys' fees and costs incurred in connection therewith.

Req. for Judicial Notice, ECF No. 7, Ex. A. Plaintiff argues that Defendant is not entitled to recover attorney fees because Defendant failed to mediate prior to this litigation. Pl.'s Obj. 2–3. It was Plaintiff, however, who filed the Complaint without first completing mediation. *See* Def.'s Resp. 3, ECF No. 20. Defendant had no choice, then, but to respond.

"A defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009). This Court dismissed Plaintiff's claim with prejudice, preventing Plaintiff from refiling in federal court. Op. and Order 4. Therefore, Defendant is a prevailing party.

Defendant's requested fees, however, must be reasonable. A reasonable billing rate is determined based on the "prevailing market rate" in the relevant community. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The burden is on the petitioner to prove "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v.*

*SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983)). A strong presumption exists that the lodestar figure represents a reasonable fee, and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). The court decides whether to enhance or reduce the lodestar figure by evaluating a variety of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

Plaintiff does not take issue with Defendant's attorneys' hourly rate. And while their rates are higher than average for comparable attorneys in the same locality, they are consistent with those identified in the Oregon State Bar 2017 Economic Survey. *See* Def's Mot. 4–5; Sutton Decl., ECF No. 18; Debi Elliott et al., *Oregon State Bar 2017 Economic Survey*, 38–39, 41 (2017).[1]

However, Plaintiff correctly asserts that "there is nothing about this matter that justifies 36 hours of partner time and 34 hours of associate time to bring a motion to dismiss for improper venue that did not require a court appearance by either party." Pl.'s Obj. 5. Defendant's attorneys spent 24.8 hours on its 10-page Motion to Dismiss, 4.5 hours on its 4-page Request for Judicial Notice, 39.1 hours on its 7-page Reply (which addressed a mere 7-page Response from Plaintiff), and 11.2 hours on miscellaneous correspondence related to the Motion. Def's Mot. 4–5; Sutton Decl., Ex. 1.

This was not a complicated case. The unambiguous language of the contract provides that disputes arising from the contract were to be litigated in Napa County, CA. The well-established

---

[1] The economic survey is available at https://www.osbar.org/docs/resources/Econsurveys/17EconomicSurvey.pdf.

caselaw was as equally unambiguous; specifically, that courts should defer to the forum selection clause chosen by the parties except in extraordinary circumstances. The Plaintiff's attempts at convincing this court that extraordinary circumstances existed (or that some phantom oral agreement existed that he failed to mention in his complaint) were worthy of an eye roll and not 39 hours of research and writing. A reasonably talented associate could have completed this task in 20 hours. 39.1 hours spent by a partner, associate, and legal assistant in drafting a reply to, at best, a Hail Mary attempt by Plaintiff to remain in a poorly chosen venue, is not warranted.

The $8,973.50 spent on preparing the Reply brief is reduced by half and a deduction of $4,496.75 is appropriate. Accordingly, this Court grants Defendant $13,767.75 in attorney fees.

## **CONCLUSION**

For the forgoing reasons, Defendant is entitled to attorney fees in the amount of $13,767.75.

IT IS SO ORDERED.

DATED this 16th day of April, 2019.

    s/Michael J. McShane
Michael J. McShane
United States District Judge